IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| OSCAR JACKSON, #1273685 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-254 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

## **REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Oscar Jackson, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 149th District Court of Brazoria County, Texas. Petitioner was convicted of the delivery of a controlled substance on November 15, 2004, and sentenced to three years' imprisonment in the TDCJ-CID. Petitioner indicates that he pled guilty to the charge against him and did not appeal his conviction.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to exhaust his state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). In Texas this means filing a habeas petition pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Petitioner indicates that he has not yet sought habeas relief in state court. His federal petition is therefore premature at this point and cannot be considered. The Court advises Petitioner that the AEDPA contains a one-year statute of limitations, which will expire

in this case on or around December 15, 2005. That period is tolled while a properly-filed state habeas writ is pending. Petitioner must therefore file his state writ in a timely manner to toll the AEDPA's limitations period and re-file his federal writ at a later time, if he so desires.

Having conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Oscar Jackson (Instrument No. 1) be **DISMISSED WITHOUT PREJUDICE** for the failure to exhaust state remedies.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same. Petitioner shall have until **August 15, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this ____19th____ day of July, 2005.

John R. Froeschner
United States Magistrate Judge